# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### COOKEVILLE DIVISION

EVAMARIE WHITE,                    )
                                   )
    **Plaintiff,**         )
                                   )
v.                                 )   NO. 2:15-cv-00060
                                   )   CHIEF JUDGE CRENSHAW
NANCY A. BERRYHILL, Acting         )
Commissioner of Social Security,   )
                                   )
    **Defendant.**         )

## ORDER

Before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 22) recommending that the Court deny Evamarie White's Motion for Judgment on the Administrative Record (Doc. No. 20) and affirm the final decision of the Commissioner. White has timely filed Objections (Doc. No. 23) and the Acting Commissioner has filed a Response (Doc. No. 24). The Court has reviewed this case *de novo*.

The Court reviews the agency's decision and determines whether its conclusion, as a whole, was supported by substantial evidence in the record. Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995) (citing 42 U.S.C. § 405(g)).[1] Substantial evidence is something "more than a mere

---

[1] Although the ALJ conducted the disability hearing in Tennessee, White participated via video teleconference from Florida. White lived and worked in Florida prior to her alleged disability, and she allegedly became disabled while living and working in Florida. (Doc. No. 20.) It appears that White had no connection to Tennessee at the time of the hearing and that a Tennessee ALJ conducted the hearing by assignment only to reduce the backlog at the Florida hearing office. White's notice of hearing states that the hearing's location is Port Charlotte, Florida, and the hearing office is Franklin, Tennessee. It thus appears that the ALJ being located in Tennessee was nothing more than administrative happenstance and White's hearing was, for all relevant purposes, "held" in Florida. White coincidentally moved to Tennessee before filing this action. Venue is therefore proper in this Court. 42 U.S.C. § 405(g). The Magistrate Judge analyzed choice of law and concluded that the law of the Eleventh Circuit applies to this case. (See Doc.

scintilla, but less than a preponderance." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987) (internal quotation and citation omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). "[The Court] may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" Id. (internal quotation and citation omitted).

"The ALJ must consider every impairment alleged." Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986). While "[t]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole," Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (emphasis added), "[t]he ALJ must state specifically the weight accorded each item of evidence and the reasons for his decision." Lucky v. Astrue, 331 F. App'x 634, 639 (11th Cir. 2009) (citing Gibson, 779 F.2d at 623). Without meeting these requirements, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Gibson, 779 F.2d at 623; Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). The Eleventh Circuit has held that "[u]nless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

No. 22 at 5-6.) The Court agrees. White does not object to this conclusion. (Doc. No. 23 at 1.) The Acting Commissioner's Response is based upon Sixth Circuit law, perhaps because of the Magistrate Judge's observation that there did not appear to be significant differences between Sixth and Eleventh Circuit law. (Doc. No. 24.) Nonetheless, the Court will apply Eleventh Circuit law.

Luckey, 331 F. App'x at 639 (quotation marks and citation omitted). Accordingly, "[s]tanding alone, conclusory statements to the effect that all impairments were considered . . . are insufficient." Vitalis v. Comm'r of Soc. Sec., No. 6:12-cv-831-Orl-31-GJK, 2013 WL 3070869, at *2 (M.D. Fla. June 17, 2013); see also Gibson, 779 F.2d at 623 (finding that "[t]he ALJ properly considered and discussed . . . the impairments of arthritis, iritis, hypertension, pain, bronchitis, and urinary incontinence [but] . . . failed to address, however, [plaintiff's] claimed impairments of psoriasis, nervousness, anxiety, dizziness, and forgetfulness" and that this "mandated reversal" for consideration of these impairments "singularly and in combination to determine disability").

The legal framework for cases arising out of the Social Security Act is quite familiar:

> The burden is primarily on the claimant to prove that he is disabled, and therefore entitled to receive Social Security disability benefits. The Commissioner uses a five-step process to determine whether a claimant has met the burden of proving his disability. In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citations omitted). The present inquiry concerns the second step of the sequential evaluation process – i.e., whether White carried her burden of proving that she has a severe impairment or combination of impairments and whether the ALJ evaluated each claimed impairment and stated, with adequate specificity, "the weight [he] accorded each item of evidence and the reasons for his decision." Gibson, 779 F.2d at 623.

White objects to the Report and Recommendation to the extent that the Magistrate Judge concludes that it was acceptable for the ALJ to not explicitly discuss White's multiple specific complaints of upper extremity impairment (see Doc. No. 23 at 2 (collecting record references such as complaints to treating physician of "right arm swelling and in pain" and "right arm swelling from shoulder to fingertips, unable to lift arm and can no longer reach behind her back to wipe")) and to instead "implicitly" incorporate and discount them by general reference to the medical record as a whole. The Acting Commissioner responds that there were only "isolated complaints" of right arm symptoms that need to be considered in the "proper context." (Doc. No. 24 at 3.) This proves too much, however, because the ALJ's decision reflects *no* consideration or discussion whatsoever of upper extremity complaints in *any* context.[2] (See Doc. No. 18 at 24-32.) As such, this is not a case where the ALJ simply chose to not address certain individual pieces of less-important evidence. Rather, without any explanation of the ALJ's consideration of White's on-again-off-again upper extremity symptoms and related documentary evidence, the Court is unable to determine whether the ALJ's non-severe impairment findings are rational and supported by substantial evidence. See Luckey, 331 F. App'x at 640; Cowart, 662 F.2d at 735. This objection is therefore sustained. This failure mandates a reversal of the administrative finding that White was not disabled. Gibson, 779 F.2d at 623. This case must be remanded for a reconsideration of White's disability; and, because the ALJ must reconsider the issue of disability, he must also reconsider

---

[2] The ALJ's isolated references to the claimant's "normal musculoskeletal examination" do not appear related to the upper extremity complaint. (See, e.g., Doc. No. 18 at 30-31 (in paragraph regarding obesity).) The ALJ also mentioned that White's "back" had full range of motion (id. at 31), and discussed her lower extremities (id. at 27), but did not address any connection to White's upper extremities.

White's residual functional capacity ("RFC") in light of any new findings.[3] <u>Gibson</u>, 779 F.2d at 623.

Accordingly, the Report and Recommendation is **SET ASIDE**. The Motion for Judgment on the Administrative Record is **GRANTED** and the final decision of the Commissioner is **REVERSED AND REMANDED** under the fourth sentence of 42 U.S.C. § 405(g) with instructions to evaluate White's claimed right extremity impairment (individually and in conjunction with all other claimed impairments) and issue a new decision based upon substantial evidence. The Clerk shall enter judgment under Federal Rule of Civil Procedure 58 and close the case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] White's second objection concerns her alleged mental impairment and her RFC. Because this matter will be remanded to the ALJ for a *de novo* determination, the Court need not reach these issues beyond making it known to the ALJ that additional specificity regarding the impact of the mental impairment assessment on the RFC determination will likely facilitate any further judicial review.